887 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Danny R. MORRISON, Plaintiff-Appellant,
v.
Herbert EDMONDSON; Rick Gordon; Sammy Garland; Ken Hall;
Marvin Bell; Robin Neatherly, Defendants-Appellees.
 No. 89-5188.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1989.
 
 Before KEITH, NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 This pro se Tennessee prisoner appeals the district court's summary judgment dismissing his civil rights claim filed under 42 U.S.C. Sec. 1983. Additionally, plaintiff requests the appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Danny R. Morrison alleged that while he was housed at the Johnson City (Tennessee) jail, defendants provided inadequate medical care in violation of the eighth amendment. Morrison claimed that defendants knew of his history of epileptic seizures and that they failed to prevent a seizure during which he fell and suffered a head injury. Morrison sought monetary and injunctive relief.
 
 
 3
 Defendants filed a motion to dismiss or in the alternative for summary judgment supported by documentation showing that Morrison had received continuous medical care while at the jail, including immediate treatment following the seizure and fall.
 
 
 4
 Upon review, we conclude that summary judgment was proper because there exists no genuine issue of material fact and defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291 (6th Cir.1984). The record shows that Morrison received medication on a regular basis, including the day of his seizure. Morrison admits that he received immediate care following the seizure. He alleged that defendants failed to provide medication in appropriate dosages to prevent a seizure; he did not claim that he was not provided medical care. To succeed with a claim based on inadequate care, Morrison must allege facts showing, a deliberate indifference to serious medical needs or indicating a wanton infliction of pain. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A disagreement over the course of treatment is insufficient to state a cause of action under 42 U.S.C. Sec. 1983. See Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Because Morrison's allegation of inappropriate dosage amounts is essentially a disagreement over treatment, he failed to establish deliberate indifference to his medical needs.
 
 
 5
 Accordingly, the request for appointment of counsel is denied. The district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.